## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH MAGIER, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>   v.<br><br>TRADER JOE'S COMPANY and TRADER JOE'S EAST INC.,<br><br>                    Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Sarah Magier ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Trader Joe's Company and Trader Joe's East Inc. (collectively, "Trader Joe's" or "Defendants").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      This is a class action lawsuit against Trader Joe's for cheating customers by underfilling 5-ounce cans of Trader Joe's store-brand tuna.[1]  Tests by a U.S. government lab confirm that Trader Joe's 5-ounce cans actually contain less than 3 ounces of tuna in most instances, and that every lot tested, and nearly every single can, was underfilled in violation of the federally mandated minimum standard of fill.

---

[1] As used herein, the term "Trader Joe's Tuna" refers to (i) 5-ounce canned Trader Joe's Albacore Tuna in Water Salt Added, (ii) 5-ounce canned Trader Joe's Albacore Tuna in Water Half Salt, (iii) 5-ounce canned Trader Joe's Albacore Tuna in Water No Salt Added, (iv) 5-ounce canned Trader Joe's Albacore Tuna in Olive Oil Salt Added, (v) 5-ounce canned Trader Joe's Skipjack Tuna in Water With Sea Salt, and (vi) 5-ounce canned Trader Joe's Yellowfin Tuna in Olive Oil Solid Light.

2.      Independent testing by the U.S. National Oceanic and Atmospheric Administration ("NOAA")  determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Water Salt Added contain an average of only 2.61 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).  This is 19.2% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  *See* 21 C.F.R. § 161.190(c)(2)(i)-(xii).  In this sample, 24 of 24 cans were below the minimum standard of fill.

3.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Water Half Salt contain an average of only 2.43 ounces of pressed cake tuna, which is 24.8% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 24 of 24 cans were below the minimum standard of fill.

4.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Water No Salt Added contain an average of only 2.43 ounces of pressed cake tuna, which is 24.8% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 24 of 24 cans were below the minimum standard of fill.

5.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Olive Oil Salt Added contain an average of only 2.87 ounces of pressed cake tuna, which is 11.1% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 23 of 24 cans were below the minimum standard of fill.

6.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Skipjack Tuna in Water With Sea Salt contain an average of only 2.56 ounces of pressed cake tuna, which is 9.9% below the federally mandated minimum standard of fill of 2.84 ounces for these cans.  In this sample, 23 of 24 cans were below the minimum standard of fill.

7.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Yellowfin Tuna in Olive Oil Solid Light contain an average of only 2.78 ounces of pressed cake tuna, which is 13.9% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 24 of 24 cans were below the minimum standard of fill.

8.      Plaintiff asserts claims on behalf of herself and a nationwide class of purchasers of Trader Joe's Tuna for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, violation of New York Gen. Bus. Law § 349, violation of New York Gen. Bus. Law § 350, negligent misrepresentation, and fraud.

## THE PARTIES

9.      Plaintiff Sarah Magier is a citizen of New York who resides in New York, New York.  Through the end of 2013, Plaintiff Magier purchased 5-ounce canned Trader Joe's Albacore Tuna in Water No Salt Added, which were underfilled and thus substantially underweight, at a Trader Joe's retail store located in Chelsea, New York City.

10.     Defendant Trader Joe's Company is a California corporation with its principal place of business in Monrovia, California.  Trader Joe's Company is an American privately-held chain of specialty grocery stores with approximately 457 locations in 40 states and Washington, D.C.  Trader Joe's Company is a market leader in organic and fresh food groceries in the United

States.  Trader Joe's Company has over 10,000 employees and realized approximately $9.38 billion in revenue and $578 million in net income in 2014.  As part of its operations, Trader Joe's Company is engaged in the processing, packaging, and distribution of Trader Joe's-brand canned tuna products, which it sells in its retail locations.

11.     Defendant Trader Joe's East Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.  Based on information and belief, Defendant Trader Joe's East Inc. is a subsidiary of Trader Joe's Company.

12.     Whenever reference is made in this Complaint to any representation, act, omission, or transaction of Trader Joe's, that allegation shall mean that Trader Joe's did the act, omission, or transaction through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed class are citizens of states different from Defendants.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

14.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff Magier is a citizen of New York, resides in this District, and purchased Trader Joe's Tuna from Defendants in this District.  Moreover, Defendants distributed, advertised, and sold Trader Joe's Tuna, which is the subject of the present complaint, in this District.

## CLASS REPRESENTATION ALLEGATIONS

15.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased Trader Joe's Tuna (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

16.     Plaintiff also seeks to represent a subclass of all Class members who purchased Trader Joe's Tuna in New York (the "Subclass").

17.     Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclass number in the millions.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

18.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether Trader Joe's Tuna is underfilled and thus substantially underweight; whether Defendants warranted that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can; whether Defendants warranted that Trader Joe's Tuna is legal for sale in the United States; whether Defendants breached these warranties; and whether Defendants committed statutory and common law fraud by doing so.

19.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased Trader Joe's Tuna in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

20.     Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has

retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

21.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Breach Of Express Warranty

22.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

23.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

24.     Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, expressly warranted that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

25.     In fact, Trader Joe's Tuna is not fit for such purposes because each of these express warranties is false.  Particularly, Trader Joe's Tuna is underfilled and thus substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States.

26.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT II

### Breach Of Implied Warranty Of Merchantability

27.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

28.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

29.     Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, impliedly warranted that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

30.     Defendants breached the warranty implied in the contract for the sale of Trader Joe's Tuna because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Trader Joe's Tuna is underfilled and thus

substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States.  As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

31.     Plaintiff and Class members purchased Trader Joe's Tuna in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

32.     Trader Joe's Tuna was not altered by Plaintiff or Class members.

33.     Trader Joe's Tuna was defective when it left the exclusive control of Defendants.

34.     Defendants knew that Trader Joe's Tuna would be purchased and used without additional testing by Plaintiff and Class members.

35.     Trader Joe's Tuna was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

36.     As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT III

### Breach Of Implied Warranty Of Fitness For A Particular Purpose

37.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

39.     Defendants marketed, distributed, and/or sold Trader Joe's Tuna with implied warranties that it was fit for its intended purposes in that it contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.  At the time that Trader Joe's Tuna was sold, Defendants knew or had reason to know that Plaintiff and Class members were relying on Defendants' skill and judgment to select or furnish a product that was suitable for sale.

40.     Plaintiff and Class members purchased Trader Joe's Tuna in reliance upon Defendants' implied warranties.

41.     Trader Joe's Tuna was not altered by Plaintiff or Class members.

42.     As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT IV

### Unjust Enrichment

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

45.     Plaintiff and Class members conferred benefits on Defendants by purchasing Trader Joe's Tuna.

46.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of Trader Joe's Tuna.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.  These misrepresentations caused injuries to Plaintiff and Class members because they would not have purchased Trader Joe's Tuna if the true facts were known.

47.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT V

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

48.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49.     Plaintiff brings this claim individually and on behalf of the proposed Subclass against Defendants.

50.     By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by misrepresenting that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

51.     The foregoing deceptive acts and practices were directed at consumers.

52.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Trader Joe's Tuna products to induce consumers to purchase same.

53.     Plaintiff Magier and members of the Subclass were injured because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

54.     On behalf of herself and other members of the New York Subclass, Plaintiff Magier seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VI

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 350

55.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

56.     Plaintiff brings this claim individually and on behalf of the proposed Subclass against Defendants.

57.     Based on the foregoing, Defendants engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

58.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

59.     This misrepresentations have resulted in consumer injury or harm to the public interest.

60.     Plaintiff Magier and members of the Subclass were injured because: (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

61.     On behalf of herself and other members of the Subclass, Plaintiff Magier seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VII

### Negligent Misrepresentation

62.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

63.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

64.     As discussed above, Defendants misrepresented that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.  Defendants had a duty to disclose this information.

65.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

66.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about Trader Joe's Tuna.

67.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Trader Joe's Tuna.

68.     Plaintiff and Class members would not have purchased Trader Joe's Tuna if the true facts had been known.

69.     The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII

### Fraud

70.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

72.     As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Trader Joe's Tuna, including but not limited to the fact that it contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.  These misrepresentations and omissions were made with knowledge of their falsehood.

73.     The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Trader Joe's Tuna.

74.     The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

A.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclass;

B.     For an order declaring the Defendants' conduct violates the statutes referenced herein;

C.     For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

D.     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For injunctive relief as pleaded or as the Court may deem proper; and

H.     For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  January 5, 2016                    Respectfully submitted,

                                           **BURSOR & FISHER, P.A.**

                                           By:    _____ */s/ Scott A. Bursor* _____
                                                        Scott A. Bursor

                                           Scott A. Bursor
                                           Joseph I. Marchese
                                           Joshua D. Arisohn
                                           Neal D. Deckant
                                           888 Seventh Avenue
                                           New York, NY  10019
                                           Telephone: (212) 989-9113
                                           Facsimile:  (212) 989-9163
                                           Email:  scott@bursor.com
                                                        jmarchese@bursor.com
                                                        jarisohn@bursor.com
                                                        ndeckant@bursor.com

                                           *Attorneys for Plaintiff*